**IN THE UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

| | |
|---|---|
| MARKETSOURCE, INC., | : |
| | : |
| Plaintiff, | : Case No. |
| | : |
| v. | : |
| | : Judge |
| MARKETSOURCE AGENCY NETWORK, LLC, | : |
| | : |
| Defendant. | : |

## COMPLAINT

Now comes Plaintiff MarketSource, Inc., and for its Complaint against Defendant MarketSource Agency Network, LLC hereby states as follows:

### PARTIES

1. MarketSource, Inc. ("MarketSource") is a Maryland corporation with corporate offices located in Hanover, Maryland. MarketSource is a leading provider of retail and business-to-business consulting, advertising, and training services for marketing and promotional activities in many fields. Its services are provided to customers throughout the United States.

2. Defendant MarketSource Agency Network, LLC ("MAN"), is an Ohio limited liability company with its principal place of business in Columbus, Ohio. MAN uses the term "MarketSource" in connection with providing insurance consulting and management services, including product placement services, to insurance agents.

### JURISDICTION AND VENUE

3. This is an action for trademark infringement and unfair competition under 15 U.S.C. §§1114 et seq.

4. This Court has personal jurisdiction over MAN because, inter alia, MAN resides and regularly conducts business in Ohio.

5. This Court has jurisdiction over the subject matter of this action pursuant to 28 U.S.C. §§1331 and 1338 because the matter in controversy involves a question of federal trademark law.

6. Venue is proper in the Southern District of Ohio pursuant to 28 U.S.C. §1391.

## FACTS COMMON TO ALL CLAIMS

7. Since at least as early as February 11, 1985, MarketSource and/or its predecessor in interest have used the term MARKETSOURCE on a continuous basis in interstate commerce in connection with its services. MarketSource owns the registered, incontestable trademark for MARKETSOURCE, U.S. Reg. No. 2678233 ("Registration").

8. MarketSource has used its MARKETSOURCE trademark in commerce on a continuous basis for more than thirty (30) years. MarketSource has invested significant resources into building the MARKETSOURCE brand for marketing and related business services, and MarketSource is entitled to benefit from the recognition and goodwill associated with the exclusive use of its mark in connection with these services.

9. In or about early February 2015, MarketSource learned that MAN was using the term "MarketSource" in connection with providing its marketing services to insurance agents.

10. MAN's use of "MarketSource" in connection with offering and providing its services has caused and is likely to continue to cause confusion, mistake, or deception as to the affiliation, connection, or association of MAN with MarketSource, and/or as to the origin, sponsorship, or approval of MAN's services or commercial activities, causing damage to MarketSource.

11. On February 9, 2015, MarketSource sent a letter to MAN stating that MAN's use of "MarketSource" constituted infringement of MarketSource's right to exclusive use of MarketSource's mark and MarketSource requested that MAN cease its use of "MarketSource." A copy of the letter is attached hereto as Exhibit A.

12. On March 23, 2015, MAN filed an application to register "MarketSource," U.S. Ser. No. 86573333.  That application was abandoned after the USPTO issued an Office Action refusing registration based on likelihood of consumer confusion with MarketSource's MARKETSOURCE registration.

13. On March 23, 2015, MAN also filed an application to register "M MarketSource (Logo)," U.S. Ser. No. 86573330.  That application is subject to a Final Office Action refusing registration based on likelihood of consumer confusion with MarketSource's MARKETSOURCE registration.

14. Despite MarketSource's repeated efforts to resolve this matter, MAN continues to use "MarketSource" in connection with providing its services, resulting in consumer confusion as to the source of its services.

COUNT I – TRADEMARK INFRINGEMENT

15. MarketSource restates and incorporates by reference as if fully set forth the allegations of paragraphs 1 through 14, inclusive.

16. MarketSource owns the registered, incontestable trademark for MARKETSOURCE, U.S. Reg. No. 2678233.

17. MAN is marketing and providing its consulting and management services under the name "MarketSource" to insurance agents and agencies.  MAN is using the identical term in

connection with providing services that are highly related to services that have been provided by MarketSource for more than thirty (30) years.

18. MAN's continued use of "MarketSource" in commerce is unauthorized and is without MarketSource's consent.

19. MAN's use of "MarketSource" in connection with its services is likely to cause confusion, cause mistake, or to deceive as to the affiliation, connection, or association of MAN with MarketSource, and/or as to the origin, sponsorship, or approval of MAN's services or commercial activities, causing damage to MarketSource, in violation of the Lanham Act, 15 U.S.C. §1114.

20. MAN's infringing conduct has caused and will continue to cause irreparable injury and damage to MarketSource's reputation and goodwill for which MarketSource has no adequate remedy at law.

## COUNT II – UNFAIR COMPETITION

21. MarketSource restates and incorporates by reference as if fully set forth the allegations of paragraphs 1 through 20, inclusive.

22. MarketSource owns the registered, incontestable trademark for MARKETSOURCE, U.S. Reg. No. 2678233.

23. MAN's continued use of "MarketSource" in commerce is unauthorized and is without MarketSource's consent.

24. MAN's use of "MarketSource" in connection with its services has caused and is likely to continue to cause confusion, mistake, or deception as to the affiliation, connection, or association of MAN with MarketSource, and/or as to the origin, sponsorship, or approval of

MAN's services or commercial activities, causing damage to MarketSource, in violation of Section 43(a) of the Lanham Act, 15 U.S.C. §1125(a).

25. MAN's infringing conduct has caused and will continue to cause irreparable injury and damage to MarketSource's reputation and goodwill for which MarketSource has no adequate remedy at law.

**WHEREFORE,** MarketSource respectfully requests the following relief:

A. A permanent injunction enjoining MarketSource Agency Network, LLC, its officers, members, agents, servants, employees, attorneys, affiliates, and those in active concert or participation with it, from using, reproducing, advertising, or promoting in connection with any consulting, management, or promotional service the MARKETSOURCE name or mark or any confusingly similar name or mark;

B. An award of damages, plus prejudgment and post judgment interest, to MarketSource in an amount to be determined at trial;

C. An award to MarketSource of its reasonable attorneys' fees and costs for this action; and

D. Such other and further relief as this Court deems equitable and just.

Respectfully submitted,

*/s/ James E. Arnold*
James E. Arnold (0037712)
　*Trial Attorney*
JAMES E. ARNOLD & ASSOCIATES, LPA
115 W. Main St., Fourth Floor
Columbus, Ohio 43215
Telephone:　(614) 460-1600
Facsimile:　(614) 469-1066
Email:　　　jarnold@arnlaw.com

-6-

OF COUNSEL:

Gerhardt A. Gosnell II (0064919)
Damion M. Clifford (0077777)
JAMES E. ARNOLD & ASSOCIATES, LPA
115 W. Main St., Fourth Floor
Columbus, Ohio  43215
Telephone: (614) 460-1600
Facsimile: (614) 469-1066
Email: ggosnell@arnlaw.com
 dclifford@arnlaw.com

Sherry H. Flax *(pro hac vice to be submitted)*
Saul Ewing LLP
500 E. Pratt Street, Suite 900
Baltimore, MD 21202-3133
Tel: (410) 332-8784
Fax: (410) 332-8785
Email: sflax@saul.com

*Counsel for Plaintiff MarketSource, Inc.*